UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CREATIVE CONCEPTS SOFTWARE, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>MOBILETECH SOLUTIONS, INC. et al.,<br><br>Defendants. | CASE NO. 06-611JLR<br>Related to C.D. Cal Case No.: 05-00679DOC<br><br>ORDER |

This matter comes before the court on Plaintiffs' motion to compel discovery from a non-party, Costco Wholesale Corporation ("Costco") (Dkt. # 1). The instant motion is related to an action pending before the United States District Court for the Central District of California, <u>Creative Concepts Software, Inc. v. MobileTech Solutions, Inc.</u>, Case No. 05-00679DOC.

On June 8, 2006, the court held a telephonic conference with the parties regarding the status of the pending motion, given that some of Plaintiffs' requests appeared to have become moot since the time Plaintiffs filed their motion. Specifically, the court discussed with the parties their letters updating the court on the status of the dispute (Dkt. ## 16, 17). The court issued its rulings via telephone which it memorializes below.

ORDER – 1

(1) <u>Back-up tapes</u>.  The court GRANTED Plaintiffs' request that Costco produce the specified 4 days of back-up tapes for an outside vendor to reduce to a searchable format at Plaintiffs' expense.  The court directed the parties to agree regarding selection of a vendor and the search-terms.  The court indicated that Costco could submit a fee request for the inside costs and attorney fees associated with producing the back-up tapes; however, the court cautioned Costco that such fees and costs would not be awarded absent extraordinary circumstances.  The court indicated that Plaintiffs would not be required to pay Costco's litigation fees associated with identifying any privileged material contained in the produced materials.  The court further directed the parties to reach consensus on a method of protecting the back-up tapes from inadvertent disclosure, damage, etc. during the time that the outside vendor analyzes the tapes.

(2) <u>Electronic documents related to five individuals: Stansak, Cozz, Allrad, Slutzky, Jordan</u> (correct spellings available from Plaintiffs). The court GRANTED Plaintiffs' request that Costco produce responsive documents for these five employees. The court heard from Costco's counsel that there are no further documents from employees Galanti and Burdick.

(3) <u>Shop I.S. system search</u>.  The parties disagreed regarding Costco's compliance with this request.  The court instructed Costco's counsel to confirm with Plaintiffs' counsel whether Costco's search of its records included the Shop I.S. system.

(4) <u>Illegible documents</u>.  The court considered this request MOOT based on statements by Costco's counsel that she would produce new readable versions of such documents by the end of the following week (June 16, 2006).

(5) <u>Alternate spellings of MobileTech and other names</u>.  The court DENIED Plaintiffs' request for additional searches using variable spellings, not identified in the subpoena.

ORDER – 2

(6) <u>Attorney-client privilege issues</u>.  The court considered this request MOOT based on statements by Costco's counsel that she would clarify any remaining issues by the end of the following week (June 16, 2006).

Dated this 15th day of June, 2006.

<u>/s/ James L. Robart</u>
JAMES L. ROBART
United States District Judge

ORDER – 3